UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 21-cv-161 (WMW/KMM)

Gregory J. Miller, Trustee for the
Heirs and Next-of-Kin of
Justin J. Miller, decedent,                                    **DEFENDANT'S ANSWER**

        Plaintiff,

  v.

United States of America,

        Defendant.

For its Answer to Plaintiff's Complaint Defendant United States of America states all allegations in the Complaint, including relief sought, are denied except when specifically admitted.   As to the numbered paragraphs of the Complaint, Defendant states:

1.      Defendant denies the allegations in Paragraph 1, except the allegation this is a suit by Plaintiff against Defendant under the Federal Tort Claims Act, which is admitted.

2.      Defendant denies the allegations in Paragraph 2, except the allegation this is a suit by Plaintiff against Defendant under the Federal Tort Claims Act, which is admitted.

3.      Defendant admits the allegations in Paragraph 3.

4.      Defendant admits the allegations in Paragraph 4.

5.      Defendant denies the allegations in Paragraph 5, except the allegation this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1346(b)(1), which is admitted.

6.      Defendant admits the allegations in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 7.   Defendant admits the allegations in the second sentence of Paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9.      Defendant admits the allegations in Paragraph 9.

10.     Defendant admits the allegations in Paragraph 10.

11.     Defendant admits the allegations in Paragraph 11.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 12.   As to the second sentence of Paragraph 12, Defendant admits the waiver of sovereign immunity contained in the Federal Tort Claims Act extends to acts within the scope of office or employment by "employees of the government" as defined in the Act, "but does not include any contractor with the United States."   28 U.S.C. § 2671; *see also id.* § 2674.   The allegations in the second sentence of Paragraph 12 are otherwise denied.

13.     Defendant admits the allegations in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, except the allegations Justin Miller called the VA National Suicide Prevention Hotline on February 20, 2018 at approximately 12:17 p.m. because he was having suicidal thoughts; he admitted to having immediate access to guns; he indicated he could arrange for someone to keep the guns in the future but was unable to do that immediately; his risk of suicide was assessed as moderate to high; and he agreed to

drive himself to the Minneapolis VA emergency department for evaluation and admission to the hospital; which are admitted.

15.     Defendant admits the allegations in Paragraph 15, except the allegation Miller presented to the Minneapolis VA on February 20, 2018 at 1:48 p.m., which is denied.     Defendant     admits     Miller     presented     to     the     Minneapolis     VA Emergency Department on February 20, 2018 at 1:42 p.m.

16.     Defendant admits the allegations in Paragraph 16.

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant admits the allegations in Paragraph 18.

19.     Defendant admits the allegations in Paragraph 19.

20.     Defendant admits the allegations in Paragraph 20.

21.     Defendant admits the allegations in Paragraph 21.

22.     Defendant admits the allegations in Paragraph 22.

23.     Defendant admits the allegations in Paragraph 23.

24.     As to the allegations in the first two sentences of Paragraph 24, Defendant admits at 10:27 a.m. on February 24, 2018 a VA Police Officer on routine patrol of the parking lots of the Minneapolis VA Medical Center observed a black Nissan Frontier parked in Parking Lot 6C with unplowed snow still around the vehicle and the vehicle running.   The allegations in the first two sentences of Paragraph 24 are otherwise denied. The allegations in the third sentence of Paragraph 24 are admitted.

25.     Defendant admits the allegations in the first two sentences of Paragraph 25. Defendant lacks knowledge or information sufficient to form a belief about the allegations in the third sentence of Paragraph 25.

26.     Defendant admits the allegations in Paragraph 26.

27.     In response to Paragraph 27 Defendant re-alleges its answers to Paragraphs 1-26.

28.     As to the allegations in Paragraph 28, Defendant admits the doctors, nurses, social workers, and other staff who provided care and treatment to Miller at the Minneapolis VA in February 2018 were employees of Defendant and were acting within the course and scope of their employment at all times they provided such care and treatment.   The allegations in Paragraph 28 are otherwise denied.

29.     Defendant admits the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30, including the allegations in Sub-paragraphs (a) through (d).

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     As to the allegations in the Complaint after the word "WHEREFORE" on Page 8, Defendant denies Plaintiff is entitled to any of the relief Plaintiff seeks.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.     The Court lacks subject matter jurisdiction or the United States cannot be liable because the claim involves circumstances where the United States, were it a private

person, would not be liable to the Plaintiff in accordance with the law of the state of Minnesota.   *See* 28 U.S.C. § 1346(b).

2.      The employees of the United States identified in the Complaint possessed and exercised the degree of skill and learning customarily possessed and exercised by similarly situated professionals under similarly situated circumstances.

3.      The injuries and damages alleged by the Plaintiff in the Complaint, if any, are the result of intervening and superseding events or acts or omissions of persons other than an employee or agent of the United States, or another intervening and superseding event, and are not proximately caused by any act or omission of any employee of the United States then acting within the scope of their employment with the United States.

4.      The injuries and damages alleged by the Plaintiff in the Complaint, if any, are the result of pre-existing medical conditions for which the Defendant is not responsible.

5.      The injuries and damages alleged by the Plaintiff in the Complaint, if any, are the result of the fault or conduct of third parties, over whom Defendant had no control or right to control, and for whose conduct Defendant is not liable.

6.      Plaintiff's claims are subject to Minnesota's expert review statute, Minn. Stat. § 145.682 and strict compliance is required.

7.      In the event the Court finds the United States negligent, which negligence the United States denies, then the negligence of the decedent exceeded that of the United States and the Plaintiff's claim is therefore barred.   In the alternative, decedent's own negligence contributed to his death and Plaintiff's recovery must be reduced in proportion to the decedent's comparative fault.

8.     In the event the Court finds the United States negligent, which negligence the United States denies, then any recovery by the Plaintiff from the United States must be reduced by the comparative fault of the decedent, the comparative fault of any independent contractor, and the comparative fault of any other person or entity over whom the United States had no control.

9.     Plaintiff's recovery, if any, is limited to the amount stated in his administrative claim.   28 U.S.C. § 2675(b).

10.     Any claim for prejudgment interest is prohibited under 28 U.S.C. § 2674.

11.     Any claim for punitive damages is prohibited under 28 U.S.C. § 2674.

12.     Plaintiff's claim for attorney's fees is limited under 28 U.S.C. § 2678.

13.     Plaintiff's claim for costs and disbursements is limited to any taxable costs that may be awarded to a prevailing party under 28 U.S.C. § 1920.

14.     Plaintiff's recovery, if any, is limited by the common and statutory law of the State of Minnesota including but not limited to the aforementioned defenses, the "Captain of the Ship" doctrine, the "Borrowed Servant" doctrine, and the doctrine of informed consent.

15.     Pursuant to 38 U.S.C. § 1151, the United States is entitled to a set off against any recovery of all payments made by the Government under 38 U.S.C. § 1151 and further, after any judgment is entered in this action or any settlement of this action occurs, the government shall stop making any such payments under 38 U.S.C. § 1151 beginning after the date such judgment, settlement, or compromise on account of such disability or death

becomes final until the aggregate amount of benefits which would be paid but for this subsection equals the total amount included in such judgment, settlement, or compromise.

16.     There is no jury trial against the United States.   *See* 28 U.S.C. § 2402.

17.     The Court lacks subject matter jurisdiction for other reasons.

18.     The Complaint fails to state a claim upon which relief can be granted against the United States for other reasons.

Having answered, Defendant requests:

1.      Plaintiff's Complaint be dismissed with prejudice and judgment be entered for Defendant;

2.      Plaintiff takes nothing by way of the Complaint and is granted no relief; and

3.      such other and further relief as the Court may deem fit and proper.

Dated:   March 29, 2021

W. ANDERS FOLK
Acting United States Attorney

*s/ Andrew Tweeten*

By:   ANDREW TWEETEN
Assistant U.S. Attorney
Attorney ID Number 0395190
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN   55415
(612) 664-5600
andrew.tweeten@usdoj.gov

Attorneys for Defendant

7