UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 21-cv-161 (WMW/KMM)

Gregory J. Miller,

    Plaintiff,  **RULE 26(f) REPORT**

v.

United States of America,

    Defendant.

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on May 4, 2021 and prepared the following report.

## DESCRIPTION OF THE CASE

1. Concise factual summary of plaintiff's claims:

This is an action against the Defendant United States of America under the Federal Tort Claims Act for medical negligence in connection with care provided to decedent Justin J. Miller by the U.S. Department of Veterans Affairs at the Minneapolis VA Health Care System in February 2018. The action seeks compensation for the pecuniary loss suffered by Plaintiff Gregory J. Miller and decedent's other next-of-kin as a result of decedent Miller's death as provided in Minn. Stat. § 573.02. Plaintiff alleges that doctors, nurses, social workers, and other staff who provided care and treatment to Justin Miller were negligent and failed to meet the accepted standard of care, and that such negligence was a substantial factor in, and cause of, Miller's suicide.

2. Concise factual summary of defendant's claims/defenses:

The United States denies that it acted negligently, violated the standard of care, or caused the death of Justin Miller. The United States denies certain allegations in the complaint and asserts affirmative defenses, including intervening cause and contributory negligence.

3. Statement of jurisdiction (including statutory citations):

Plaintiff's claim is made under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2671, *et seq.* Jurisdiction is exclusive in this Court pursuant to 28 U.S.C. § 1346(b)(1).

4. Summary of factual stipulations or agreements:

None.

5. Statement of whether a jury trial has been timely demanded by any party:

There is no entitlement to a jury trial under the FTCA.

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve the matter under the expedited trial rules.

7. Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served. All pleadings have been filed. Neither party anticipates amending its pleading.

**FACT DISCOVERY**

Having conferred about the unique needs of this case, and mindful of the goal of efficiency, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before June 4, 2021. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before June 4, 2021.

2. The parties must commence fact discovery in time to be completed by February 25, 2022. The parties agree the substantial production of documents should be completed by August 28, 2021 to facilitate the taking of depositions.

3. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit each side's use and numbers of discovery procedures as follows:

    a. 25 interrogatories

    b. 50 document requests

    The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).  If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response.  If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

    c. 25 requests for admission

    The parties have discussed a protocol for the authentication of documents and agree on the following:

    The parties agree to discuss a stipulation to the authenticity of the VA medical records after initial disclosures are complete.

    d. 10 factual depositions

    e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:

    The parties will meet and confer about the notice or subpoena and matters for examination prior to issuing a notice or subpoena for a deposition pursuant to Rule 30(b)(6).

    f. The parties agree Rule 35 medical examinations are not needed in this case.

> g. ***The parties have discussed the impact of COVID-19 and the national response to the epidemic on this litigation. Counsel believe that this epidemic might affect the discovery phase of this case in the following ways:***
>
>> The parties do not forecast the ongoing pandemic will have a significant effect on the discovery phase of this case. The parties have budgeted ample time for discovery to account for delays and contingencies associated with litigating in the current environment, where many attorneys, case participants, and witnesses are working remotely. The parties are hopeful that they may complete depositions in person, but nonetheless agree to meet and confer regarding the location and means of depositions prior to the issuance of deposition notices or subpoenas.

**EXPERT DISCOVERY**

> 1. The parties anticipate that they will require expert witnesses at the time of trial.
>
>> a. The plaintiff anticipates calling 3-5 experts in the field of medicine.
>>
>> b. The defendant anticipates calling 3-5 experts in the field of medicine.
>
> 2. The parties propose that the Court establish the following plan for expert discovery:
>
>> a. Initial experts
>>
>>> i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before April 1, 2022.
>>>
>>> ii. The initial written expert report in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before April 1, 2022.
>>>
>>> iii. Pursuant to Minn. Stat. 145.682, subd. 4(b), the affidavit required under Minn. Stat. § 145.682, subd. 2(2) and 4, must be served on or before April 1, 2022.

      b. Rebuttal experts

          i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before May 27, 2022.

          ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before May 27, 2022.

3. All expert discovery, including expert depositions, must be completed by June 24, 2022.

**OTHER DISCOVERY ISSUES**

1. Protective Order

   The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a proposed protective order.

2. Discovery of Electronically Stored Information

   The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

   The parties do not anticipate issues regarding the disclosure or discovery of ESI. The parties agree to produce ESI in the form in which it is kept in the normal course of business and agree to meet and confer about any issues regarding ESI that may arise.

3. Claims of Privilege or Protection

   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

   The parties agree to follow Fed. R. Evid. 502(b) for inadvertent disclosures.

**PROPOSED MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by May 28, 2021.

2. Motions seeking to amend the pleadings must be filed and served by May 28, 2021

3. Non-dispositive motions:

    a. All non-dispositive motions relating to fact discovery must be filed and served by March 11, 2022.

    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by July 8, 2022.

    The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must be filed and heard by August 26, 2022.

**TRIAL-READY DATE**

1. The parties agree that the case will be ready for trial on or after September 30, 2022.

2. The anticipated length of the bench trial is 3-4 days.

3. The parties propose that the final pretrial conference be held on or before September 30, 2022.

**INSURANCE CARRIERS/INDEMNITORS**

Not applicable.

**SETTLEMENT**

The parties discussed settlement at the Rule 26(f) meet-and-confer and each party has contemporaneously e-mailed a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Menendez's Notice of Pretrial Conference.

6

**TRIAL BY MAGISTRATE JUDGE**

    The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

Dated:  May 5, 2021

                              MESHBESHER & SPENCE, LTD.

                              *s/ Anthony J. Nemo*

                              By:  Anthony J. Nemo (MN#221351)
                              Ashleigh Raso (MN#0393353)
                              2519 Commerce Drive NW, Suite 120
                              Rochester, MN 55901
                              Telephone: (507) 280-8090
                              Facsimile: (507) 280-0807
                              tnemo@meshbesher.com
                              araso@meshbesher.com

                              Attorneys for Plaintiff Gregory J. Miller

Dated:  May 5, 2021

                              W. ANDERS FOLK
                              Acting United States Attorney

                              *s/ Andrew Tweeten*

                              By:  ANDREW TWEETEN
                              Assistant U.S. Attorney
                              Attorney ID Number 0395190
                              600 U.S. Courthouse
                              300 South Fourth Street
                              Minneapolis, MN  55415
                              (612) 664-5600
                              andrew.tweeten@usdoj.gov

                              Attorneys for Defendant