UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 21-cv-161 (WMW/KMM)

Gregory J. Miller,

    Plaintiff,

v.

United States of America,

    Defendant.

**STIPULATION FOR PROTECTIVE ORDER**

The parties stipulate that the Court may enter the following protective order:

The parties expect to disclose certain documents and information that may be considered confidential or encompassed by the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPAA"), in this case. Specifically, the parties expect to produce documents and disclose information that may include health records or employment records of individuals involved in the events giving rise to this lawsuit, which may contain personal or medical information. The parties believe and the Court agrees that such documents and information in this case should be subject to special consideration.

To permit the disclosure and discovery of information relevant to the subject matter of this case in a manner that is consistent, appropriate under the Privacy Act and HIPAA, and does not provide undue public access, pursuant to 5 U.S.C. § 552a(a)(11), 45 C.F.R. § 164.512(e), and Federal Rule of Civil Procedure 26(c),

IT IS HEREBY ORDERED:

1. **Definitions.** As used in this protective order:

    a. "attorney" means an attorney who has appeared in this case;

    b. "confidential documents" means a document designated as confidential under this protective order;

    c. to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    d. "document" means information disclosed or produced in discovery, including at a deposition;

    e. "notice" or "notify" means written notice;

    f. "party" means a party to this case; and

    g. "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating Documents or Information as Confidential.**

    a. A party or non-party disclosing or producing a document (including but not limited to documents reflecting information of or about non-parties containing health or employment information) may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

b. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

c. Deposition testimony may be designated as confidential on the record at the deposition, or after the deposition by promptly notifying the parties and those who were present at the deposition.

d. If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Proper Recipients of Confidential Documents or Information.**

    a. A confidential document may be used only in this action.

    b. No person receiving a confidential document may reveal it, except to:

        i. The court and its staff;

        ii. An attorney or an attorney's partner, associate, or staff;

        iii. A person shown on the face of the confidential document to have authored or received it;

        iv. Deponents and other persons properly present at a deposition;

        v. A court reporter or videographer retained in connection with this action;

        vi. A party (subject to paragraph 3(c)); and

  vii. Potential witnesses that counsel determines in good faith need access to the confidential information in order for counsel to effectively prosecute or defend the litigation;

  viii. Any person who

    1. Is retained to assist a party or attorney with this action, or who is mutually agreed upon in writing by counsel for both parties; and

    2. Signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

I have read, and agree to be bound by, the protective order in the case captioned *Miller v. United States*, No. 21-cv-161, in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. I declare under penalty of perjury that the foregoing is true and correct.

  c. A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to the receiving party.

d. All persons permitted access to confidential information by this order shall be bound by this order, including but not limited to experts, consultants, investigators, or other non-parties retained to assist in this litigation.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6. **Use of Confidential Documents or Information in Court.**

    a. *Filing.* This protective order does not authorize the filing of any document under seal. All counsel acknowledge they have reviewed Local Rule 5.6, which governs filing under seal, the procedures of which are incorporated herein by reference. A confidential document may be filed only in accordance with L.R. 5.6.

    b. *Presentation at a hearing or trial.* A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so

that the other party or the non-party may seek relief from the Court.

7. **Changing a Confidential Designation.**

    a. *Parties.* Confidential documents or information disclosed or produced by a party remains confidential unless the parties agree in writing to change the designation or the court orders otherwise.

    b. *Non-parties.* Confidential documents or information produced by a non-party remains confidential unless the non-party agrees in writing to change the designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    c. *Changing a Designation by Court Order.* A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Federal Rule of Civil Procedure 26(c).

8. **Inadvertent Disclosure of Confidential or Protected Material.**

    a. If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

b. A party or non-party who discovers that it has inadvertently disclosed or produced a protected document or information must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

c. A party who discovers that it may have received an inadvertently disclosed or produced confidential or protected document must promptly notify the disclosing or producing party or non-party.

d. A party who is notified or discovers that it may have received a protected document or information must comply with Federal Rule of Civil Procedure 26(b)(5)(B).

9. **Security Precautions.**

   a. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

   b. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10. **Obligations Upon Termination of Litigation.**

    a. Within 60 days after the termination of this action (including any appeals), each party must return or destroy all confidential

documents and should notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    b. Within 60 days after the final disposition of this litigation, all persons permitted access to any confidential information that is covered by HIPAA as protected health information shall destroy the protected health information (and all copies made) pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B).

    c. Notwithstanding paragraph 10(a) and (b), each attorney may retain a copy of any confidential document submitted to the court.

11. **Objections.**

    a. This order is without prejudice to the rights of any party or any interested member of the public to make any objection to the designation of information as confidential information. If such an objection cannot be resolved without court intervention, the objecting party or interested member of the public may bring the matter before the court, treating the information as confidential until a court determination is made.

    b. This order is without prejudice to the rights of any party to make any objection to the discovery of information permitted by the Federal Rules of Civil Procedure or any statute or other authority.

12. **Survival of Obligations.**

    a. This order shall remain in full force and effect after the final disposition of this litigation, or until canceled, vacated, or otherwise modified by order of this court.

    b. The obligations imposed by this protective order survive the termination of this action.

Dated: May 6, 2021

                        MESHBESHER & SPENCE, LTD.

                        *s/ Anthony J. Nemo*

                        By: Anthony J. Nemo (MN#221351)
                        Ashleigh Raso (MN#0393353)
                        2519 Commerce Drive NW, Suite 120
                        Rochester, MN 55901
                        Telephone: (507) 280-8090
                        Facsimile: (507) 280-0807
                        tnemo@meshbesher.com
                        araso@meshbesher.com

                        Attorneys for Plaintiff Gregory J. Miller

Dated: May 6, 2021

W. ANDERS FOLK
Acting United States Attorney

*s/ Andrew Tweeten*

By: ANDREW TWEETEN
Assistant U.S. Attorney
Attorney ID Number 0395190
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
andrew.tweeten@usdoj.gov

Attorneys for Defendant